THE PEORIA INSURANCE COMPANY, Appellant, *v.* CHARLES WARNER, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Process may be served upon an agent of a corporation in any county, provided the president of the company does not reside in the county where the process is issued.

A court has jurisdiction over a corporation of this State, by service upon an agent, although its principal place of business may be in a different county from that where the agent was served.

THIS was an action of debt, brought by the appellee against

the appellant, upon a judgment record of a judgment recovered by Warner against the appellant, in the County Court of Milwaukee, in the State of Wisconsin.

A summons was issued from the Superior Court of Chicago, directed to the sheriff of Cook county, in favor of Charles Warner, the appellee, against the appellant, the Peoria Marine and Fire Insurance Company, dated February 13, 1861, returnable to March term, 1861.

The sheriff's return on the summons was as follows :

"Executed the within summons, by leaving a true copy of the same with J. Augustus Wright, an agent of said company, this 13th day of February, A. D. 1861, the president of said company not residing in my county.

A. C. HESSING, <i>Sheriff.</i><br>By WM. P. GRAY, <i>Deputy.</i>"

Declaration filed is in the ordinary form of a declaration on a judgment record, showing a judgment recovered by Warner against the Peoria Marine and Fire Insurance Company, in the County Court of Milwaukee, State of Wisconsin.

To this declaration the Peoria Marine and Fire Insurance Company pleaded :

That this court ought not to have or take further cognizance of the action aforesaid, because it says that the said supposed causes of action, and each and every one of them, (if any such have accrued to the said plaintiff,) accrued out of the jurisdiction of this court, that is to say, at Milwaukee, in the county of Milwaukee, in the State of Wisconsin, and not within the county of Cook, or elsewhere within the jurisdiction of this honorable court ; and defendant further avers, that the said plaintiff resides at the city of Milwaukee, county of Milwaukee, and State of Wisconsin, and did at the time of the commencement of this suit, and not within the county of Cook aforesaid, and that this defendant is a corporation, duly established by law at and within the city of Peoria, and the county of Peoria, and State of Illinois, and there has its office, and principal place of business ; and that its president and chief officers reside in said city and county of Peoria, and not within the county of Cook aforesaid, and was by law established, and had its principal place of business there at the time

of the commencement of this suit; and that process in this suit was served on one J. Augustus Wright, at and within the county of Cook aforesaid, he being then and there an agent of this defendant; and this the said defendant is ready to verify. Wherefore he prays judgment whether this court can or will take further cognizance of the action aforesaid.

To this plea, the plaintiff Warner filed the following replication:

And the said plaintiff, as to the plea of the said defendant, says, notwithstanding anything by the said defendant above alleged, that the court ought not to be precluded from having further cognizance of the action aforesaid, because he says, that he denies that the said corporation, the Peoria Marine and Fire Insurance Company, defendant in this suit, is established by law at the city of Peoria, in the county of Peoria, and State of Illinois, and avers that said defendant has an office, where it transacts a large amount of business, in said Cook county. That one or more of the directors of said company reside in said last. mentioned county, and . that said J. Augustus Wright, agent of said company, resides and keeps an office in said county of Cook. And this the said plaintiff is ready to verify. Wherefore he prays judgment, and that the court here may take cognizance of the action aforesaid, and that the said defendant may answer over, etc.

To this replication the defendant demurred.

The court overruled the demurrer, and required the defendant to rejoin in ten days.

Defendant abided by its demurrer, and the plaintiff had judgment for amount due upon the judgment sued on, interest and costs, $1,088.49.

The errors assigned, are—

That the court erred in overruling defendant's (appellant's) demurrer to plaintiff's (Warner's) replication to defendant's plea to the jurisdiction.

That the court erred in retaining jurisdiction of said cause, and rendering judgment for the plaintiff.

That the court erred in not dismissing said cause, for want of jurisdiction.

SCAMMON, McCAGG & FULLER, for Appellants.

BASS & MULVEY, for Appellee.

BREESE, J. The single question presented by this record arises out of the following facts:

The plaintiffs in error are a corporation established by the laws of this State, at Peoria, in the county of Peoria, to transact the business of marine and fire insurance. Its principal officers reside at Peoria, where it has its principal place of business; and it has also an office in the city of Chicago, in Cook county, and an agent residing there to attend to its business.

The action was brought in the Superior Court of Chicago, by the defendant, who is a resident of Milwaukee, in the State of Wisconsin, on the record of a judgment which he had recovered against the plaintiffs in the County Court of Milwaukee.

To the action of the Superior Court, the plaintiffs pleaded to the jurisdiction of the court, setting out in the plea the above facts, and averred that process in the case was served on one Wright, then agent in Cook county.

The defendant in error replied to this plea, denying that the plaintiffs were established by law at Peoria, and avers that they have an office where it transacts a large amount of business, in Cook county—that one or more of the directors of the company reside in Cook county, and that Wright, the agent of the company, resides and keeps an office in the said county of Cook.

To this replication the plaintiffs in error demurred, and it was adjudged against them, and the defendant here had judgment for the amount due upon the judgment record, interest and costs.

The error assigned, is this judgment on the demurrer, and the only question is, had the Superior Court of Chicago jurisdiction of the case?

The plaintiffs in error insist that it had not, for the reasons that neither the plaintiffs nor the defendant resided there—

that the cause of action did not accrue there, nor was the debt made payable there.

The action of debt is a transitory action, and can be brought in the court of any county in which the defendant may be found. This is the rule where natural persons are parties. Is there a different rule when corporations are defendants? There would be, certainly, were it not for our statute. A great grievance had existed in the State, growing out of the fact, that the principal officers of corporations doing business in this State could not be found to be served with process, it being quite convenient to make their domicil in some distant land. To remedy this, the act of 1853 was passed, which provides, "That in all cases where suit has been or may hereafter be brought against any incorporated company, process shall be served on the president of such company, if he reside in the county in which suit is brought, and if such president be absent from the county, or does not reside in the county, then the summons shall be served by the proper officer, by leaving a copy thereof with any clerk, cashier, secretary, engineer, conductor, or any agent of such company, found in the county." (Scates' Comp. 243.)

This act being remedial in its character, ought to receive the most liberal interpretation. No injury can result from it to a corporation thus summoned, for the reason that the agent will not fail to give the necessary notice to his principal, so that he may prepare his defense, if he have one. Such an interpretation we endeavored to give this law, in the case of the *Mineral Point R. R. Co.* v. *Keep*, 22 Ill. 9 ; and also in the case of the *Rock Island R. R. Co.* v. *Fell*, 22 Ill. 333. There is no limitation in the act, restricting it to the principal place of business of the company, but it is sufficiently comprehensive to embrace any agent, where he may be found, in any county, provided the president of the company does not reside in the county where the process is issued. The return to this summons shows the president did not reside in the county of Cook.

We see no hardship likely to follow this application of the act of 1853, but, on the contrary, great facilities will be

afforded by it to the creditors of delinquent corporations. The judgment is affirmed.

*Judgment affirmed.*