## THE STEPHENSON INSURANCE COMPANY
*v.*

## JOHN DUNN.

1. PROCESS — *service of on a corporation — what insufficient.* Where an action was commenced in the county of the plaintiff's residence, in which the cause of action accrued, against a corporation of this State, having its principal office in another county, and service of process was made upon the president in such foreign county, — *held,* that this service was insufficient to give the court jurisdiction over the defendant.

2. SAME — *how must be made.* In such case, process should be sued out to the county of the plaintiff's residence, and, if the president of the corporation does not reside, or cannot be found, therein, it may be served upon any other agent of the company found in the county, and a return upon the writ showing such facts, will give the court jurisdiction.

3. FORMER DECISION. The case of *The Peoria Insurance Company,* 28 Ill. 429, cited as an authority in point.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of covenant, brought by the defendant in error, in the Circuit Court of Livingston county, against the plaintiff in error, to recover upon a policy of insurance for a loss sustained by him. In the court below, judgment was ren-

dered in favor of the plaintiff for $780 and costs of suit, to reverse which a writ of error has been sued out of this court.

Messrs. TURNER & NEFF, for the plaintiff in error.

Mr. J. B. RICE, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question necessary to be examined on this record is this: Had the Circuit Court of Livingston county jurisdiction of the person of the defendant?

It appears from the declaration in the cause, that the covenant was entered into in the county of Livingston, though, by the copy of it contained in the declaration, it purports to have been made at the office of the company in the city of Freeport.

Freeport is in the county of Stephenson in this State, and the seat of justice of that county, and the suit was brought in Livingston by the plaintiff, a resident of Livingston.

Our statute in regard to the service of process on corporations is as follows: In all cases where suit has been, or may hereafter be, brought against any incorporated company, process shall be served upon the president of such company, if he reside in the county in which suit is brought; and, if such president be absent from the county, or does not reside in the county, then the summons shall be served by the proper officer by leaving a copy thereof with any clerk, cashier, secretary, engineer, conductor, or any agent of such company found in the county, at least five days before the trial if suit be brought before a justice of the peace, and at least ten days when suit is brought in the Circuit Court. Scates' Comp. 243.

This is the only statute referred to by either party on the argument, and it seems to us very clear, that it was not competent for the plaintiff, suing in Livingston county, where the contract is averred to have been made, to send the process to another county. The proper mode of proceeding would have been to sue out the process to the county of the plaintiff's

residence, and, if the president of the defendant company did not reside there, or could not be found there, then to serve it on the agent with whom the contract was made in Livingston county, or upon any other agent of the company found there. A proper return, that the president did not reside in Livingston, and was not found there, and the service made on the agent of the company, naming him, would have given the court jurisdiction. We have not been able to find any case decided by this court, where the mode of proceeding adopted by this plaintiff has been allowed. The statute quoted seems to be imperative, that the process shall go to the county in which the suit is brought.

The case of *The Peoria Insurance Co.* v. *Warner*, 28 Ill. 429, is in point. There it was held, that a court has jurisdiction over a corporation of this State by service upon an agent, although its principal place of business may be in a different county from that where the agent was served.

Upon the point that the plaintiff in error should have applied for relief in the Circuit Court, by motion, it is sufficient to say that the corporation was not in court by service on the president in a foreign county. The statute is express, that, if the president resides in the county where the suit is brought, he must be there served, or, if absent, or he does not reside in the county, then the service must be upon any agent. In this mode the court obtains jurisdiction.

The judgment is reversed and the cause remanded.

*Judgment reversed.*