## The Winnesheik Insurance Company

### *v.*

### George H. Holzgrafe.

1. Jurisdiction—*of sending process to a foreign county.* In a suit against a corporation, a summons cannot be sent from one county to another county for service, and the court from which the summons issued can acquire no jurisdiction over the defendant in such a case, so residing in a foreign county, by reason of such service.

2. It can make no difference whether it be a suit at law or in chancery; the only law applicable to corporations, being the act of 1853, the terms of which are imperative, and include all cases.

Writ of Error to the Circuit Court of Mason county ; the Hon. James Harriott, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Mason county by Holzgrafe, against the Winnesheik Insurance Company, to recover for loss by fire on his application for their policy of insurance. The summons issued out of the Circuit Court of Mason county, and the return showed that service was had by the sheriff of Stephenson county, upon

the President of the Insurance Company in his county. Upon the hearing, a default was taken against the defendant, and a decree *pro confesso* for the complainant.

The defendant brings the cause to this court upon writ of error, and insists that the Circuit court of Mason county had no jurisdiction, and asks that the decree taken *pro confesso* against him be reversed.

Messrs. BAILEY & BRAWLEY, for the plaintiffs in error.

Mr. J. B. WRIGHT, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It is impossible to distinguish this case from that of the *Stephenson County Insurance Company* v. *Dunn*, 45 Ill. 211.

In all its material features, it is identical with that case, and as in that, we held the summons could not be sent from Livingston county to Stephehson county, to be executed so as to give the court jurisdiction of the person of the defendant; so we must hold here, the summons could not be sent from Mason county to Stephenson county, to be executed. It can make no difference, that, in the first case, it was a suit at law, and in this case a suit in chancery, the only law applicable to corporations being the act of 1853, the terms of which are imperative, and include all cases. Scates' Comp. 243.

We see no objection to the matter of the bill, or to any proceeding in the cause, save the one herein noticed.

In conformity with the decision in the case cited, the judgment must be reversed and the cause remanded.

*Judgment reversed.*