### THE WESTERN UNION TELEGRAPH COMPANY v. CLAYMORE.

JURISDICTION — *under sections two and four of practice act.* In an action against a corporation, process may be served in a foreign county under sections two and four of the practice act (R. S. 500).

*And in such case* it is not necessary to take out process in the county where suit is brought.

JURISDICTION — *defect of must be pleaded.* If the court has not jurisdiction of the person, the fact should be pleaded in abatement. *Cody* v. *Raynaud,* 1 Col. 272.

*Error to the District Court, Larimer County.*

CLAYMORE brought his action in Larimer district court, and directed process to Arapahoe. Service was then had

upon an agent, and the return shows that the president of the corporation was not found in that county. No process issued to Larimer county.

At the return term, the defendant interposed a motion to quash the summons, assigning for ground thereof, that service was not had in Larimer; which motion being overruled, the defendant reserved an exception, and submitted to a default. The plaintiff in this court assigned for error, the overruling of the motion to quash, and that the court below had no jurisdiction.

Messrs. CHARLES & ELBERT, for plaintiff in error.

Mr. E. L. SMITH, for defendant in error.

WELLS, J.    Section 1 of the practice act (R. S. ch. LXX), prescribes the form of process, and directs when it shall be returnable. The second section of the same statute declares that "It shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides or may be found, except in cases where the debt, contract or cause of action accrued in the county of the plaintiff, or where the contract may have been specifically made payable, when it shall be lawful to sue in such county, and process may issue against the defendant to the sheriff of the county where such defendant resides." The third section directs within what time service shall be made. The fourth section is as follows : "In all suits against any incorporated company, summons shall be served on the president thereof, if he resides in the county, but if he do not reside in the county,  *  *  *  *  then the summons shall be served by leaving a copy thereof with any clerk, secretary or agent of said company, within such time and under such regulations as are herein provided, for the service of such process in suits against natural persons. *Provided*, etc." Under the second section above quoted, it has for a long time been held, that where the plaintiff takes process to another county than that in which suit is brought, all things necessary to the jurisdiction will be presumed, without special

averment thereof; and if the defendant would question the proceeding, he must plead the facts wherein the defect of jurisdiction consists. A motion, it has been thought, will suffice only in those cases where the absence of jurisdiction appears affirmatively by the record. *Cody* v. *Raynaud*, 1 Col. 272. This authority would be conclusive if the defendant were a natural person; but, in the present case, other questions are suggested:

1. The words of the second section, though sufficiently broad to include corporations, do not necessarily include them; and it has been questioned at the bar whether, inasmuch as the legislature have, by the fourth section, made special provision for the case in which a corporation is defendant, such cases are not to be regarded as excepted out of the previous general provisions.

This conclusion ought not to be adopted, unless necessary to avoid violence to the words of the statute. As between natural persons, the plaintiff is permitted to sue in his own county, when the transaction which gives rise to the controversy occurred there. This, it would seem, is upon the idea that the witnesses probably reside there, and that, therefore, both parties may there litigate their rights more conveniently than in a foreign county. And there is, manifestly, good reason and propriety in the idea upon which the statute is here supposed to proceed. The plaintiff ought not to be required to pursue his adversary, and transport his witnesses through the territory, when the litigation can, more conveniently to him, and without prejudice to his adversary, be conducted at the plaintiff's own door; and this is equally so whether the defendant be a natural person or a corporation.

No reason arising out of any inherent difference in the two cases can be assigned, therefore, for the distinction sought to be made.

Now, looking to the letter of the statute only, does it appear that the legislature intended to make such distinction? For the words of the fourth section, in virtue of which this case is supposed to have been excepted out of the second

section, address themselves only to the question upon whom process, in the case there specified, shall be served, and do not, as we conceive, assume to prescribe a rule as to where such process shall be addressed, for, in the provision, thus: "summons shall be served on the president thereof, if he resides in the county," these latter words must be con strued with reference to those which immediately precede them ; and so construed they import that process against a corporation shall be served on the president thereof, if he reside in the county where such process is *to be served ;* that is to say, the county to which, in conformity with the former provisions, process is to be addressed; for it cannot be served elsewhere.   The cases of *Stephenson Ins. Co.* v. *Dunn,* 45 Ill. 211, and *Winneshiek Ins. Co.* v. *Holzgrafe,* 46 id. 422, to which we have been referred, are not in point. The words of the statute of Illinois are, "process shall be served on the president of such company, if he reside in the county in which suit is brought."

And the circumstance that in adopting this statute, as they have done, substantially, our legislature omitted the words lastly here given, fortifies the conclusion to which we have arrived.

2. But it is suggested that the purpose of the statute is, that service of process in actions against corporations shall be made on the chief officer, if practicable ; and that only in exceptional cases shall service upon an inferior officer be permitted; and here, it is said, there is nothing to show but that the president and other principal officers of the corpo- ration reside in Larimer; that in such case, to permit the plaintiff to pass by these, and serve his process upon some inferior agent, in a distant county, would be to violate the spirit of the statute, and open the door to gross abuses.   It is sufficient to say in reply, that whether the existence of the state of things supposed would, or would not, modify the duty or rights of the plaintiff, is not presented by this record.   If the facts suggested exist, they should have been shown by plea.   Nothing can be presumed against the juris-

diction of the court below, or the regularity of the proceedings in this respect.

If it be said that, in the case supposed, the corporation may, by negligence or fraud of the agent upon whom service is made, or by accident merely, fail to receive notice of the pendency of the suit in time to interpose the plea, or any other defense, the answer is, that corporations must not employ negligent persons to perform its function; and if, without laches, fraud or accident intervene to prevent a defense, the court in which judgment is given, or, as a last resort, equity, may afford relief.

The judgment of the district court is, therefore,

*Affirmed.*