## JOHNSON and others *v.* HANOVER FIRE INS. Co.

*(Circuit Court, N. D. Illinois. January 15, 1883.)*

1. FOREIGN CORPORATIONS—SERVICE OF SUMMONS ON.

   An insurance company existing under the laws of one state and doing business in another, may be served with a summons by service upon any one of its agents appointed to transact its business in such other state.

2. SAME—APPOINTMENT OF AGENT OR ATTORNEY.

   Where, by the statutes of the state where suit is brought, no insurance company existing under the laws of another state is allowed to transact business in the state until such company shall first duly appoint an attorney in said state on whom process of law can be served, it was *held* that such statute did not preclude the service of such process upon any other agent of such foreign corporation transacting the business of the company in that state, and that the provisions of the statute of Illinois, regulating the service of legal process upon corporations, was not confined to domestic corporations, but applied alike to all foreign corporations having agents for the transaction of its business in that state.

*B. D. Magruder,* for plaintiffs.

*W. I. Culver,* for defendant.

BLODGETT, J. This is a suit on a policy of insurance alleged to have been issued by defendant to plaintiffs. The defendant is a cor-

poration created and existing under the laws of the state of New York. The return of the marshal shows service of the summons "by delivering a copy thereof, and also by reading the same, to Carl A. F. Henicke and Joseph Schoeniger, agents of said defendant." The defendant has entered a special appearance, and moved to quash and set aside service of summons, because Henicke and Sheoeniger, on whom process was served, were not the agents of the defendant for that purpose; but that defendant, when it began the transaction of insurance business in the state of Illinois, in compliance with the statute of this state, duly appointed one George D. Gould, who was then and now is a resident of Moline, in the county of Rock Island, in this state, its attorney in this state on whom process of law could be served, a copy of which appointment was duly filed, and still remains in the office of the auditor of public accounts in this state; and that such attorneyship and agency still remains in full force, and no other attorney for such purpose has been appointed; therefore, defendant insists that it could only be served with process in said cause by service on the said Gould.

By the twenty-second section of chapter 73 of the Revised Statutes of this state, entitled "Insurance," it is provided that—

" It shall not be lawful for any insurance company, association, or partnership, incorporated by or organized under the laws of any other state of the United States, or any foreign government, * * * to take risks or transact any business of insurance in this state * * * * unless such company, desiring to transact any such business, as aforesaid, by any agent or agents in this state, shall first appoint an attorney in this state on whom process of law can be served, and file in the office of the auditor of public accounts a written instrument, duly signed and sealed, certifying such appointment, which shall continue until another attorney is substituted, and any process issued by any court of record in this state, and served upon such attorney by the proper officers of the county in which such attorney may reside or be found, shall be deemed a sufficient service of process upon such company, but service of process upon such company may also be made in any other manner provided by law."

Under section 5, c. 110, of the Revised Statutes of this state, entitled "Practice," as amended by the act approved March 29, 1877, it is provided that—

"An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county."

It was admitted on the argument, and it also appears by proof from affidavits on file, that Henicke and Shoeniger, on whom the summons in this case was served, were at the time of such service the local agents of the defendant in the city of Chicago; that they, as such agents, issued to plaintiffs the policy of insurance declared upon, and countersigned the same; that after the loss by fire of the property claimed to have been covered by the policy, said Henicke and Schoeniger accepted and transmitted to defendant the proofs of loss required by the policy, and conducted negotiations looking to the settlement of plaintiffs' claim for such loss. The service of the summons in this case having been made upon the agents of the defendant, with whom the plaintiffs dealt, the single question raised by this motion is whether a foreign insurance company doing business in this state can only be served with process by service on the agent appointed for that purpose by the company in pursuance of the provisions of section 22, c. 73, above quoted.

Section 5 of the chapter regulating practice, as it appears in the Revised Statutes of 1874, is a substantial re-enactment of the act of February 8, 1873, in regard to the service of process on corporations; and section 22 of the insurance chapter is one of the provisions of the insurance law, approved March 11, 1869; and at the time the act of 1869 was adopted, the supreme court of this state had decided in *Mineral Point R. Co.* v. *Keep*, 22 Ill. 9, that the provisions of the act of 1853 were not confined to domestic corporations created and doing business under the laws of this state, but were equally applicable to foreign corporations doing business in this state, who had agents or property here; and the supreme court of this state had also held in *Peoria Ins. Co.* v. *Warner*, 28 Ill. 429, that this act of February, 1853, was a remedial act and to be liberally construed.

It will, therefore, be seen that at the time the clause requiring foreign insurance companies doing an insurance business in this state to appoint an agent on whom process of law could be served was passed, there was already ample provision for service of process on such corporation, and the act of 1869 expressly states that the service on the agent so to be appointed was not the only mode of obtaining service on such company. I therefore think that the natural and reasonable inference as to the legislative intent is that the purpose of the act of 1869 was to compel foreign insurance companies, who entered upon an insurance business in this state, so to authenticate the agency of some person on whom process could be served, that such company would be concluded by service on such agent or person. If process

was served on any other person under the assumption that he was the agent of such company, the company could dispute such agency, probably, even after judgment, if judgment was taken by default. *Keep* v. *Mineral Point R. Co.* 22 Ill. 16; *Seibert* v. *Thorpe*, 77 Ill. 43; *Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 90. And therefore citizens of this state, having a right of action against such foreign companies, might be put to much trouble in proving the agency of the person on whom the process was served.

It was, therefore, as I think, to save this annoyance and trouble to persons bringing suit in this state against such companies that the act of 1869 was passed. But I do not think the legislature intended to enact that process can only be served on an agent appointed under section 22 of the insurance law. To hold that service can only be made on the agent appointed under the insurance law, practically annuls the last clause of the section, which declares that the service may also be made in any other manner provided by law.

There was another manner provided by law at the time the act of 1869 was passed, and it has not been repealed, but remains in full force, and the supreme court of this state, in *H. & St. J. R. Co.* v. *Crane*, 102 Ill. 249, has recently reaffirmed the principle of *Keep* v. *Mineral Point R. Co.*, and said:

"It does not require a liberal construction to bring foreign corporations within the act. The provision is that in all cases where suit has been or may hereafter be brought against an incorporated company, process shall be served.

"Language more comprehensive could scarcely have been employed. It says any corporation, without the slightest reservation or limitation. A thing may be embraced in the provisions of a statute by being specifically named; * * * it would have been no more comprehensive had it said, all corporations of every kind, whether domestic or foreign, doing business in this state."

Although the suit in which the opinion, from which the last citation was made, was against a railroad company, there is nothing, either in the law itself or in the comments of the court, indicating that insurance corporations are any exception to the rule there laid down. The construction contended for by the defendant would give foreign insurance companies an advantage in this state over home or domestic corporations by requiring that service of process could only be made upon a single individual representing the foreign company, while the domestic company could be reached by service "upon any agent" found within the county or district, in the absence of the president or other superior officers. I cannot believe that the legislature

intended to give foreign companies any such advantage, but rather intended that the company should be required to appoint an agent in such manner as to estop it from denying or questioning the validity of a service when made on him, leaving it for suitors to make their election whether they would serve the agent thus appointed, or take the risk of proving the agency of any other agent upon whom service might be obtained.

The only remaining question, then, is, were Henicke and Schoeniger such agents of the defendant as to make the service on them effectual to bring the defendant into court? As already stated, they were the defendant's agents with whom the plaintiffs dealt in regard to the subject-matter of this suit. They issued the policy which forms the basis of complainants' claim, and have acted in the premises since the alleged liability is said to have accrued. If they were the agents of the defendant for the purpose of making this contract, it seems to me they are sufficiently so to be served with process to enforce it.

The return in this case does not show affirmatively that the president of the corporation was not found in this district, and is therefore, perhaps, technically defective under some of the decisions in this state. I do not, however, understand that the defendants attached any importance to this point, and if they do it can probably be avoided by the marshal taking leave to amend his return, as, I presume, it is not contended that service could have been made upon the president of the defendant company within this district.