PROVO STY, J.
The suit that gives title to this case, Curtis v. R. W. Jordan, was instituted in September, 1901. It was on a debt for $2,000, due for the stabling and keeping of certain horses. A privilege was claimed on the horses, and they were sequestered. On the showing of plaintiff that their keep under seizure would be expensive, they were ordered to be sold. J. H. Jordan and J. W. Jordan, the father and the brother of the defendant, intervened in the suit. They enjoined the sale and bonded the sequestration, and obtained possession of the horses, claiming to be the owners of them. The sureties on their injunction and forthcoming bonds were the American Surety Company of New York and the Fidelity & Deposit Company of Maryland. The litigation was protracted. It ended in a judgment maintaining the sequestration and dismissing the interventions. Execution then issued upon the judgment, and, it having been returned nulla bona, Curtis took a rule on the said sureties on the forthcoming bonds to. show cause why they should not produce the bonded horses, or, in default thereof, be condemned to pay the judgment. The sureties made no appearance to this rule, but suffered judgment to go against them, and then brought a suit enjoining its execution and asking its nullity, on the ground that it had been rendered without citation. This suit in nullity is the matter now to be considered. The district court dismissed the suit; but its judgment was set aside by the Court of Appeal, and the matter is now before this court on writ of review.
Before proceeding to the discussion of the question of citation vel non, we shall dispose of two minor matters.
The first of these matters is this: There was filed by the plaintiff a supplemental petition raising questions that pertain to the merits on the rule. We need hardly say that, so long as the judgment rendered on the rule is not set aside, it is res adjudicata of the merits of the rule.
The second of the minor matters just referred to as to be disposed of preliminarily, is this: The learned counsel for Curtis say that, by urging other grounds of nullity than that of citation, the plaintiffs have waived the ground of want of citation. Counsel invoke here a familiar doctrine; but they do so in the wrong connection. It is perfectly plain that an appearance in this suit in nullity is not an appearance in the proceeding by rule wherein the judgment complained of was rendered, and therefore does not waive the want of citation in the rule.
Coming, then, to the question of citation: The returns of the sheriff on the citation addressed to the surety companies read as follows:
“Received Friday, January 20, 1904, and on the 30th day of January, 1904, at 11:25 a. m., I served a copy of the within rule on the Fidelity & Deposit Company of Maryland, defendant in rule, by personal service on Charles H. Black, of the firm of Warner & Black, their general agent.
“C. M. Goss, Deputy Sheriff.
“And on the 30th day of January, 1904, at 11:30 a. m., I served a copy of the within rule on the American Surety Company of New York, *474 defendant herein, by personal service on P. F. Pescud, its agent.
f‘C. M. Goss, Deputy Sheriff.”
One of the forthcoming bonds sued on in the rule is signed as follows:
“X W. Jordan.
“American Surety Go. of N. V., “By A. A. Maginnis, Res. Vice President. “Attest:
“Peter F. Pescud, Res. Secretary.”
The other forthcoming bond is signed as follows:
“J. W. Jordan & Oo.
“Fidelity & Deposit Oompany of Maryland, “By P. M. Milner, Local Director. <<A.tt6St l
“Warner & Black, Gen. Agent.”
The evidence shows that the companies do business at the places where the citations were served, and that the persons upon whom the services were made are their agents. It shows further that the Fidelity & Deposit Company was cited 'in precisely the same manner in the suits of Borches v. Fidelity & Deposit' Co. of Maryland, No. 66,718 of the same court, and Puller v. Fidelity & Deposit Oo. of Maryland, No. 59,252 of the same court, and that it made no Objection to that form of citation; and that .the American Surety Company was cited in precisely the same manner in the suit of Fee v. American
Surety Go., No. 67,796 of the same court, and that it made no objection to that form of citation. The evidence shows, further, that the Fidelity &-Deposit Company had theretofore appointed the same person, Charles H. Black, its agent to receive service of citation, as appears by the following power of attorney, to wit:
“Know all men by these presents, that the Fidelity & Deposit Co. of Md., a surety insurance company of the city of Baltimore, in the state of Maryland, having_ been admitted, or having applied for admission, to transact business in the state of Louisiana, in conformity with the laws thereof, does hereby make, constitute, and appoint Charles H. Black, of the city of New Orleans, parish of -, its true and lawful attorney, in and for the state of Louisiana, on whom all process of law', whether mesne or final, against said insurance company, may be served in any action or special proceedings against said company in the state of Louisiana, subject to and in accordance with all the provisions and statutes of laws of said state of Louisiana now in force and such other acts as may be hereafter passed amendatory thereof and supplementary thereto. And the said attorney is hereby duly authorized and empowered, as the agent of said company, to receive and accept service of process in all cases as provided for by the laws of the state of Louisiana, and such service shall be deemed valid personal service upon said company. This appointment to continue in force for the period of time and in the manner provided by the statutes of the state of Louisiana, and until another attorney shall be duly and regularly substituted.
“In witness whereof, the said company, in accordance with a resolution of its board of directors, duly passed on the sixteenth day of April; A. D. 1895 (a certified copy of which is hereto attached), has to these presents affixed its corporate seal, and cause .the same to be subscribed and attested by its president and secretary, at the city of Baltimore, in the state of Maryland, on the 12th day of December, A. D. 1895.
“Edwin Warfield, President.
“Herman E. Bosler, Secretary.”
This power of attorney had been given in order to. comply with the requirements of Act No. 41, pi 45, of 1894, entitled:
“An act to authorize certain corporation to become surety upon bonds required to be furnished by law, and prescribing the conditions upon which they may do so.”
Section 4 (page 47) of this act provided that:
“If such company is incorporated under the laws of any other state than this state, it shall, besides, file a power of attorney appointing some resident of this state upon whom service of process can be made as required by existing laws.”
In 1898, Act No. 105, p. 132, of that year was enacted, requiring that, as a condition precedent to doing business in this state, insurance companies of other states and of foreign countries should appoint the Secretary of State to receive service of process. Shortly after the adoption of this act the-Fidelity & Deposit Company, acting under the same resolution of its board of directors under which the power of attorney had been given to Black, appointed the Secretary of State its agent for service of process.
*475 The Court of Appeal held that Act No. 41 of 1894 had been superseded by Act No. 105 of 1898, and that the power of attorney to Black had, as an effect of its own terms, ceased to be effective. It provided expressly that it should “continue in force for the period of time and in the manner provided by the statute of the state of Louisiana, and until another attorney shall be duly and regularly substituted.” Incidentally the Court of Appeal held that Act No. 105 of 1898 applies to surety companies.
. We do not propose to review the latter ruling, nor that by which it was held that the power of attorney to Black had terminated. Both apparently were correct.; but another question was submitted to the Court of Appeal, upon which it did not pass, and upon which, in our opinion, the decision of the case should have rested. It is whether the statutes requiring the appointment of an agent for the receiving of service, or designating the Secretary of State for that purpose, must be understood as excluding every other mode of service.
It ought to be sufficient to point out that the language of the statutes is merely permissive, not in any way prohibitive. That of Act No. 149, p. 188, of 1890, and of Act No. 41 of 1894, is “upon whom service of process can be made.” That of Act No. 105 of 1898 is “upon whom process may be served.” Section 1, art. 2, p. 142. But the point has been abundantly adjudicated.
In the case of Mutual Reserve Fund Life Association v. Cleveland Woolen Mills, 82 Fed. 508, 27 C. C. A. 212, the Circuit Court of Appeal for the Sixth Circuit, interpreting an exactly similar statute of the state of Tennessee, held the mode of service prescribed by it not to be exclusive; and a like conclusion was reached by the Court of Civil Appeals of Texas, with respect to a similar statute of the state of Texas, in the case of Bankers’ Union of the World v. Nabors, 81 S. W. 91. See, also, Johnson v. Hanover Fire Ins. (C. C.) 15 Fed. 97; Lesser Cotton Co. v. Yates (Ark.) 63 S. W. 997; Green v. Equitable L. Association (Iowa) 75 N. W. 635; Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987, notes.
Concluding that service upon an agent specially appointed under the statute, or upon the Secretary of State, is not the exclusive mode, we pass to the next question, whether the persons upon whom the services were made in the case were sufficiently the agents of the surety companies for the service to be good.
If the surety companies were domestic corporations, no one would doubt the sufficiency of the citation. It would have been made in exact conformity with the statute regulating the matter — article 198 of the Code of Practice:
“When a suit is brought against a corporation * * * the service must be made as follows. In suits against civil corporations * * “ on their president in person, or at their office, if they hold such in permanence, by delivery to some of their agents.”
Each of these companies has a permanent business office, with its sign over the door, reciting that the person upon whom the service was made is its agent. Under these circumstances, the inference is that this agent is fully authorized to receive process, and that inference is materially strengthened by the fact that in other cases such service was not demurred to; but, if it were granted that the agent was without special authority to receive process, would the service be any the less effective on that account? We think not. Such a service would be admittedly good on a domestic corporation, and a fortiori ought to be good on a nondomestic corporation.
For this proposition the eases cited herein-above afford ample authority.
In the case of Gravely v. Southern Ice Mfg. *476 Co., 47 La. Ann. 389, 16 South. 866, this court said:
Syllabus: “Any service which would be sufficient, as against a domestic corporation, may be authorized by the statute of a' state to commence an action against a foreign or nonresident corporation.”
In the case of Mutual Reserve Fund Life Ass’n v. Cleveland Woolen Mills, 82 Fed. 508, 27 C. C. A. 212, the court said:
“It was not the purpose of that provision to prevent such corporation from being served with process in the ordinary way where they have a resident agent, but to provide an additional mode of obtaining jurisdiction which might be available if such company had no resident agent. The plea in abatement was properly overruled.”
In the case of Johnson v. Hanover Fire Ins. Co. 15 Fed. 97, the United States Circuit Court for the Northern District of Illinois held as follows:
Syllabus: “Where by the statutes of the state where suit is brought no insurance company existing under the laws of another state is allowed to transact business in the state until such company shall first duly appoint an attorney in said state on whom process of law ean be served, it was held that such statute did not preclude the service of such process upon any other agent of such foreign corporation transacting the business of the corporation in that state, and that the provision of the statute of Illinois regulating the service of legal process upon corporations was not confined to domestic corporations, but applied alike to all foreign corporations having agents for the transaction of its business in that state.”
In the text of the opinion the court observed as follows:
“The construction contended for by the defendant would give foreign insurance companies an advantage in this state over home or domestic corporations by requiring that service of process could only be made upon a single individual representing the foreign company, while the domestic company could be reached by service “upon any agent” found within the county or district, in the absence of the president or other superior officers. I cannot believe that the Legislature intended to give foreign companies any such advantage, but rather intended that the company should be required to appoint an agent in such manner as to estop it from denying or questioning the validity of a service when made on him, leaving it for suitors to make their election whether they would serve the agent thus appointed, or take the risk of proving the agency of any other agent upon whom service might be obtained.”
Q.ur conclusion is that service upon the surety companies was good., and that the judgment of the Court of Appeal is erroneous.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case be set aside, and the judgment of the district court be reinstated.
The costs of appeal and of this court to be paid by appellants.