## Sarah R. Dale, Defendant in Error, v. The Modern Woodmen of America, Plaintiff in Error.

1. SERVICE OF PROCESS—*when upon fraternal benefit society sufficient.* The service in this case was upon The Modern Woodmen of America, the principal office of which was at the time in Rock Island county, the suit being instituted in Gallatin county, which was the residence of the plaintiff. *Held,* that the following return was *prima facie* valid.

"State of Illinois, Gallatin county—ss.

I have duly served the within summons upon the within named defendant, the Modern Woodmen of America, by delivering a true copy thereof to William Adams, Venerable Consul and Joseph Davis, Secretary of a branch Order of the said defendant No. 7591, located in the village of New Haven, Gallatin county, Illinois, each of them are agents of said defendant company. The president, clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor and station agent of said company not found in my county.

This 19th day of March, 1906.

V. A. MILLS, Sheriff."

Assumpsit. Error to the Circuit Court of Gallatin county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed March 18, 1908.

TRUMAN PLANTZ and WILLIAM H. HARTZELL, for plaintiff in error.

W. R. McKERNON, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action brought against plaintiff in error, a fraternal benefit society, incorporated under the laws of Illinois, by defendant in error, to recover $1,000 claimed to be due her as the beneficiary of a certain policy or benefit certificate, issued by said society upon the life of her son, Charles A. Dale, who is said to have died on September 5, 1905.

The record discloses that plaintiff in error did not

appear in the court below but that default was entered against it, a jury sworn to try the case, a verdict rendered against it for $1,000, the amount of the certificate, and judgment entered for that amount and the costs of suit.

The only question raised by plaintiff in error concerns the jurisdiction of the court below. It asserts there was no legal service of process upon it in this case and that consequently the court below had no jurisdiction to try the cause. The defendant in error resides in Gallatin county, Illinois, and this suit was commenced in that county. The summons was directed to the sheriff of Gallatin county and the return of the sheriff upon it was as follows:

"STATE OF ILLINOIS, Gallatin county—ss.

I have duly served the within summons upon the within named defendant, the Modern Woodmen of America, by delivering a true copy thereof to William Adams, Venerable Consul, and Joseph Davis, Secretary of a Branch Order of the said defendant No. 7591, located in the village of New Haven, Gallatin county, Illinois, each of them are agents of said defendant company. The president, clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor and station agent of said company not found in my county.
This 19th day of March, 1906.

V. A. MILLS, sheriff."

Defendant in error claims the service is good by virtue of paragraphs 3 and 5 of the Practice Act, chapter 110 Revised Statutes (Hurd 1905).

This suit was brought and the briefs filed before the Practice Act of 1907 went into effect and consequently the references are to the sections of that act as they appeared in the old statute. Paragraph 3 is as follows: "The courts of record of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company,

either incorporated by any laws of this state or doing business in this state. And all process issued in any cause commenced in the county wherein the plaintiff may reside wherein an individual may be plaintiff or complainant and any such company defendant may be directed to any county of this state for service and return.''

Paragraph five of the same chapter uses the following language: ''An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought, if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county, and in case the proper officer shall make return upon such process that he cannot in his county find any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent of said company, then such company may be notified by publication and mail in like manner and with like effect, as is provided in section twelve (12) and thirteen (13) of an act entitled 'An act to regulate the practice in courts of chancery,' approved March 15, 1872.''

Defendant in error claims that by virtue of said paragraph three she had a right to commence her suit in Gallatin county where she lived and have the summons issued to the sheriff of that county; that as the president of said benefit society could not be found in that county, the sheriff had a right, by virtue of said paragraph five, to serve any agent of said society who could be found in the county, and by so doing gave jurisdiction to the Circuit Court of that county.

Plaintiff in error contests vigorously the position of defendant in error, insisting that the principal office of appellant is in the city of Rock Island, in the county of Rock Island, in this state, where it has a building

called the "Head Office Building" and that it was the duty of defendant in error to have process issued to the county of Rock Island and service had upon the president of the society if he could be found in that county, and if not upon one of the other persons upon whom service might be had in such case, as provided in said paragraph five.

It might be said there is no direct proof in the record before us that the head office of plaintiff in error is in Rock Island, nor is it so charged in the declaration. The declaration however contains statements from which the inference may be drawn that the head office is located as above stated, and we are content to treat the case as though that fact were distinctly alleged and proven. Section 1 of the Act of 1905 (paragraph 3 of the Practice Act) is an amendment of an act approved April 3, 1873, the only change in the latter act being that the words "courts of record" have been substituted for the words "Circuit Court" and the words "insurance company" for the words "fire or life insurance company."

Prior to the act of 1873 there appears to have been some difficulty of obtaining service upon insurance companies. Two cases involving the question, viz.: Stephenson Ins. Co. v. Dunn, 45 Ill. 211, and Winnesheik Ins. Co. v. Holzgrafe, 46 Ill. 422, arose, in which it was held that where an action is commenced in the county where the plaintiff or complainant resides against a corporation of this state, having its principal office in another county, jurisdicton could not be obtained by sending summons to the county where the principal office was located and obtaining service there upon the president of the company.

In Ry. Conductors Benefit Assn. v. Robinson, 147 Ill. 138, it is said, in speaking of the two cases above referred to: "It is a matter of history that the statute in relation to suits against insurance companies now in force, was passed shortly after these two decisions were made and it is highly probable that it was passed

in view of these decisions and for the purpose of remedying the serious inconvenience to parties desiring to bring suits against insurance companies arising from the provisions of the statute as thus construed." This case held that mutual benefit associations similar to the one in question, were in fact life insurance companies within the meaning of paragraph 3 of the Practice Act above referred to. While the act of 1873 and the amendatory act of 1895 gave the plaintiff in suits against insurance companies incorporated and doing business in this state, the right to have process directed to any county in this state for service and obviated difficulties in that direction which had existed before that time, yet they did not conflict with paragraph five providing for service of process upon incorporated companies, above referred to. In our opinion the latter paragraph supplements the former and the two must be construed together. If, for instance, a summons should be sent to the county in which the head office of an insurance company was located in this state and the president could not be found in the county, no doubt service could be had upon any other person connected with the company and included in the classes named in paragraph five. If that were not so and it is necessary to send process in such cases for service to the county where the home office is located as claimed by plaintiff in error, the means of obtaining service upon insurance companies would be more restricted than before the passage of the act, as no service could be had unless the president of the company could be found in that county.

Paragraph three exhibits no intention to restrict the powers conveyed by paragraph five of the Practice Act in the matter of the service of process upon incorporated companies. The return of the sheriff in this case shows that the president of plaintiff in error could not be found in Gallatin county and it was therefore proper for him to serve the process upon any other person connected with the company of the

Dale v. The Modern Woodmen of America.

classes named in said paragraph five. The return of the sheriff shows that he served the process upon "William Adams, Venerable Consul, and Joseph Davis, Secretary of a branch order of the said defendant No. 7591 and located in the village of New Haven, Gallatin county, each of them are agents of said defendant company."

Plaintiff in error contends that this return could in no event be sufficient for the reason that it is the local lodge which is the agent of the supreme lodge and not its officers. Defendant in error disputes this position and asserts effectively that both the local lodge and its officers are the agents of the supreme lodge and cites Pioneer Reserve Assn. v. Jones, 111 Ill. App. 156, in support of its position. But waiving this question, we are of opinion the statement that the persons named were "agents of said defendant company" was sufficient to bring them within one of the classes named by the statute upon whom service could be had and that the other words, describing them as "Venerable Consul and Secretary," etc., were mere matters of surplusage so far as this return is concerned.

Holding the views of the law which we have above expressed, we are of opinion the court below committed no error in sustaining the service of the sheriff and retaining jurisdiction of the case. When briefs in this case were filed, the record of the judgment of the court below failed to show any default entered against plaintiff in error and its counsel argue questions based upon that omission. Since that time however, defendant in error, by leave of court, has filed a supplemental record showing the entry of default in the court below, so that question is not now before us for consideration.

The judgment of the court below will be affirmed.

*Affirmed.*