———o———

### No. 5981.

## SCHERR MANUFACTURING COMPANY vs. AMERICAN UNION FIRE INSURANCE COMPANY.

### Syllabus.

1. An appeal from a judgment in plaintiff's favor against defendant upon the main demand, does not constitute an appeal from a separate and distinct judgment, rendered prior thereto, dismissing an intervention.

2. The correctness of a judgment upon a main demand from which third persons appeal must be tested upon the facts pleaded and proved prior to its rendition, and cannot be made to hinge upon an allegation, unsupported by proof, contained in an intervention.

3. C. P., 198 applies to foreign as well as to domestic corporations; and Act 105 of 1898, and other statutes providing for service of citation upon foreign insurance corporations, does not prescribe an exclusive but additional mode of service.

4. A sheriff's return, in accordance with C. P., 198, reciting that citation was served upon a foreign corporation at its office, by personal service upon its agent in this State, is presumptive evidence of such agency.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 103,841. Hon. Porter Parker, Judge.

E. M. Cahn, for plaintiff and appellee.

L. E. Smith, Treasurer, in p. p.

Howe, Fenner, Spencer, Cocke & Dupre, attorneys.

J. C. Hollingsworth, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In **Bottazzi vs. American Union Fire Insurance Company**, No. 5982, of our docket, this day decided, we held:

> "An appeal from a judgment in plaintiff's favor against defendant, upon the main demand, does not constitute an appeal from a separate and distinct judgment, rendered prior thereto, dismissing an intervention.
> "The correctness of a judgment upon a main demand from which third persons appeal must be tested

upon the facts pleaded and proved prior to its rendition and cannot be made to hinge upon an allegation, unsupported by proof, contained in an intervention."

These principles are applicable to, and we adhere to them, in the present case, which is likewise an appeal by the same appellants from a judgment by default against the same defendant in a suit upon another of its policies of fire insurance covering property in this city

The only point of difference in the two cases is that in the former citation was served upon the Secretary of State, while in the present case the return of the Sheriff recited that service was made upon the American Union Fire Insurance Company, defendant herein, at its office, No. 814 Gravier Street, in this city, "by personal service upon Alfred LeBlanc, President of LeBlanc & Railey, Limited, their agents."

Upon its face the return exhibits a service upon defendant, made in strict accord with C. P., 198, the provisions of which have been held to apply to foreign, as well as domestic corporations, the citation provided by Act 105 of 1898, and other Statutes upon that subject not being regarded as providing an exclusive, but an additional mode of service. And such service would be valid even if the agent designated was without special authority to receive process on behalf of defendant.

Curtis vs. Jordan, 115 La., 918, and authorities cited.

Appellants assert, however, that the judgment should be set aside because there is no proof in the record that LeBlanc & Railey, Limited, was in fact the agent of defendant, their contention being that in the absence of an allegation of such agency in plaintiff's petition, the mere

recital to that effect in the Sheriff's return will not serve as such **prima facie** evidence of the agency as will authorize or support a judgment by default.

It is true that in interpreting Article 196 of the Code of Practice, there has been formulated in a number of decisions a principle (not at all justified by the language of that Article) to the effect that the Sheriff's recital that he served an agent of defendant is not evidence of such agency in the absence of an allegation to that effect in the petition. However, we are aware of but a single decision wherein it has even been suggested that such a principle is applicable to a service made, as in this case, upon a corporation in accordance with C. P. 198, and in that single case the principle appears to have been but incidentally referred to; the citation and service thereof being in several other respects radically null.

1st Municipality vs. Christ Church, 3 An., 453.

Moreover the principle referred to in that case and others appears to have been based upon a misconception of the effect of C. P. 196, which, when considered in the light of the Articles preceding and the subsequent Art. 205, must be regarded as intending simply to define and regulate the duties of the Sheriff and as restricting his liability for failure to serve an absent defendant to those cases where the name of the latter's agent is disclosed in the petition.

Slattery vs. Morgan, 33 An., 846.

On the other hand we conceive the true rule to be that where, in accordance with C. P., 198, the Sheriff's return recites that citation was served upon a foreign or domestic corporation at its office by personal service upon its agent in this State, the return itself furnishes presumptive evi-

dence of such agency and a sufficient basis upon which to predicate a judgment by default.

> St. Clair vs. Cox, 106 U. S., 350; 32 Cyc., p. 512, verbo ''Process;'' see also, 5 An., 686; 6 An., 702 and 109 La., 999.

Upon the record, as presented, the judgment appealed appears to be correct and it is accordingly affirmed.

Judgment affirmed.