### TILLMAN, Trustee, &c. v. DRAKE.

The only effect of a deed of trust or common law mortgage in the countries where they are used, is to establish a lien upon property. A deed of trust has none of the essential requisites of a sale; it conveys no property, is not made in consideration of a price, or of a merely nominal price only, is not necessarily accompanied by a change of possession, and

is intended only as a security for the payment of a debt. Under our laws it cannot be held to confer any higher right than that of a mortgage.

Where slaves conveyed to a trustee by a deed of trust executed in another State, are subsequently brought into this State, the deed must be recorded here to give it effect as a mortgage against third persons; and where, in such a case, the deed has not been recorded here, and the grantor sells the slaves to a third person ignorant of the deed, the lien will be lost; nor can it be revived against the property in the hands of a vendee of such third person, though he purchased with knowledge of the deed. The last purchaser is protected by the good faith of his vendor.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *I. W. Smith*, for the plaintiff. *Carter*, for *Cowand*, appellant. The judgment of the court was pronounced by

KING, J. In order to secure the estate of *Samuel Escue*, against the consequences of his suretyship upon an administrator's bond, *Leonard C. Temple* executed a deed of trust, in the State of Tennessee, in 1838, in favor of the plaintiff, to operate upon several slaves who were then in the State of Mississippi. The deed was recorded in the State of Mississippi, where the slaves remained in the possession of *Temple* until 1840, when he brought them to this city, and sold two of them to *Cowand*, who, in March, 1843, conveyed one of them, to wit, the slave *Hannah*, to the defendant. This slave, and her child since born, are claimed by the plaintiff, in the present action. A judgment was rendered in his favor in the court below, and the defendant has appealed.

It is shown by the evidence that a deed of trust, by the laws of the State of Mississippi, conveys the legal title to the trustee, and that no alienation of the property by any other person than the trustee would convey title to the purchaser. Also, that a deed of trust is a mode of securing debts in that State, and more usually resorted to than a mortgage, as it confers upon the trustee the right of selling without a previous decree of court. The testimony in relation to the character and operation of instruments of this kind is substantially the same as that given in the case of *Hopkins* v. *Lacouture*, 4 La. p. 64. In that case it was said, that the only effect of either a deed of trust or a common law mortgage, in the countries where they are used, is to give a lien upon property. A deed of trust wants the essential requisites of a sale. It conveys no property, is made in consideration of no price, or at most of a price merely nominal, is not accompanied necessarily by a change of possession, and is intended only as a security for the payment of a debt. Although differing in form from a mortgage it is designed to accomplish the same end, and under our laws can be held to confer no higher rights. In order to produce effect as a mortgage against third persons, notice is indispensable. The deed under which the plaintiff claims was never recorded in this State. To supply the absence of notice by registry, the plaintiff had endavored to establish, by parol, a knowledge of the encumbrance by both the defendant and her vendor, *Cowand*, at the dates of their respective purchases. The testimony on this point has been carefully considered. It is unsatisfactory; and, in our opinion, does not establish that *Cowand* was informed of the existence of the lien at the time he purchased. It is not material to the result to enquire whether the defendant, *Drake*, was notified of the encumbrance prior to the sale of the slave to her. For, conceding that she was notified, her title would be unaffected by the knowledge. The lien was lost by the sale to *Cowand*, in ignorance of the right, and could not revive against the property in the hands of his vendee. The defendant is protected by the good faith of her vendor, *Cowand*, who was a pur-

TILLMAN
v.
DRAKE.

chaser without notice, and who, being called in warranty, is the real defendant in this case. Story's Eq. Jur. § 1503, 381, 434.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that there be judgment for the defendant; the plaintiff paying the costs of both courts.