## HILL, MCLEAN & CO. *v.* JOHN A. MILLER.

| 7 | 621 |
|---|---|
| 45 | 1443 |
| 7b | 621 |
| 105 | 388 |

Where the proceedings in a case had been conducted irregularly, for more than a month, at such times as suited the convenience of the parties and the leisure of the court, the circumstance that the court received the testimony of witnesses, after the plaintiffs' counsel had concluded his argument, is not, where the plaintiff sustains no injury, a good ground of exception.

A surety, in exercising his right to point out for discussion, the property of the principal debtor, is not restricted to property within the jurisdiction of the court that rendered the judgment. He may point out any property having the requisite conditions, within the limit of the State.

A creditor ought not to be subjected to a troublesome, difficult, and protracted discussion of the property of the principal. The law supposes, that the property designated is in a condition to be made available to the creditor, for the payment of his debt.

A surety who requires the creditor to discuss property, must describe it so particularly as to enable the creditor fully to understand its situation, extent, title, and condition.

The plea of discussion can be made but once.

HILL
v.
MILLER.

APPEAL from the Third District Court of New Orleans, *Kennedy* J. *T. J. Semmes*, for plaintiffs. *Ogden* and *Duncan*, for defendant. By the court:

EUSTIS,C. J. This is an appeal from a decision of the judge of the Third District Court, taken by the plaintiffs. The court sustained a plea of discussion, made by the defendant, who was sued on a written obligation. as the surety of *Joseph E. Miller* and his wife.

The only question presented by this plea, is, whether the defendant has complied with the requisites of the code in relation to this plea.

There is a bill of exceptions taken by the plaintiffs, to the reception of certain evidence, after the evidence at the trial was closed. The district judge received the testimony of witnesses, after the argument had been concluded by the plaintiffs' counsel, and the case by him submitted, and the defendant's counsel had commenced his argument. The proceedings, it appears, were conducted from day to day, at intervals, from the 12th of March to the 16th of April, undoubtedly at such times as suited the convenience of the parties and the leisure of the court. We, therefore, think the subject of the complaint, in the bill of exceptions, was a matter resting in the discretion of the court. We know of no instance of a reversal of a judgment for a cause of this kind. It is not pretended that an opportunity was not afforded to the plaintiffs to countervail the evidence thus offered, or that any injury has been worked to the true merits of the case, by the action of the court below.

The article 3016 of the code, provides that the surety who exacts the discussion, is bound to point out to the creditor the property of the principal debtor, and furnish a sufficient sum to have the discussion carried into effect. The property pointed out must not be out of the State, in litigation, nor even if mortgaged for the payment of the debt, that which is not in the possession of the debtor.

The defendant, in his plea of discussion, points out to the creditors a cotton plantation, and slaves, in the parish of Concordia, the place in which the obligation sued on is dated, and it being the domicil of the debtors, the place in which the debt is consequently payable. The property is alleged to be in in the debtor's possession, free from encumbrance, and not in litigation. The plantation is described as situate in the parish of Concordia, on the south bank of *Black river*, being a tract of about one thousand acres of good cotton land, seven hundred of which are in cultivation, with a dwelling house, and all necessary buildings and appurtenances, with twenty-five efficient working hands, and some thirty-five or forty negroes, on said plantation.

The defendant also offered to advance a sufficient sum to defray the expenses of the discussion, and the sum of $250, which was tendered accordingly.

The defendants contend that the plea of discussion thus made, ought to have been overruled, because the designation of the property is not such as is required by law.

The cases which have arisen, in which this subject has been noticed, do not afford us any rule for our guidance, nor are we aware of what has been the practice in relation to it.

As has been observed by counsel, there are no precedents or rules in the French works relating to this subject. The condition of the law of France explains this.

The article of the Napoleon Code 2023, which corresponds with our article 3016, provides, that the surety has no right to exact from the creditor the dis-

cussion of the principal debtor's property, situated out of the jurisdiction of the court.

HILL
*v.*
MILLER.

The former jurisprudence of France, recognized the rule as a principle, deducible from the nature of the contract.

When this article of the Napoleon Code was under consideration in the council of state, Cambecéres, consul, asked the reason for it, and why a surety should not be permitted to offer, for the payment of the debt, property of the debtor within the jurisdiction of other courts.

Bigot Préamenne answered, that it had always been held, that the creditor was not bound to discuss property situated at so great a distance ; that the discussion would be attended with too much embarrassment and expense.

Where the discussion is confined to property within the jurisdiction of the court, the surety being always required to advance the money necessary for the expenses of the proceedings, few cases necessarily arise in which the condition of the property cannot be ascertained immediately, and without trouble ; and the rights of creditors are, by these means, not liable to vexatious delays.

Our code requires that the surety should not point out property situated out of the State ; and it is inferred, that there is no restriction on his right to designate any property having the requisite conditions, within the State, throughout its whole extent, and without reference to the jurisdiction of the court in which the proceedings are had.

Conceding this right, we must regulate its exercise according to the principles of the contract, and not permit its very object and purpose to be defeated.

It is an elementary principle of the contract of suretyship, that the creditor ought not to be subjected to a troublesome, difficult, and protracted discussion. Pothier, on Obligations, 409, 407.

The law supposes that the property designated is in a condition to be made available to the creditor for the payment of his debt : C. C. 3014 ; and the discussion is a mere question of order, or the mode in which he is to be paid. *Beneficium ordinis sive excussionis.* Institutes of the Civil Law of Spain, book 2, tit. 18.

If we carry into effect this contract according to its principles, and any thing short of this would be to render it illusory, it seems plain, that the property which the defendant required should be subjected to the plaintiffs' debt, has not been properly described.

Of the slaves, the description is totally deficient ; and, admitting the plantation to have been well known, and the possession of the defendant, public and notorious, we cannot hold the description in the plea, to have been sufficient to maintain the right of discussion, claimed by the defendant.

There is no designation of the metes and bounds of the plantation, nor any note of the title, nor of the incumbrances on it.

We are not called upon to determine what would be, in every case, a compliance with the requisites of the code, on this subject ; but we state some of the obvious difficulties in rendering property available to a creditor, when situated in a remote parish.

It is well known that plantations, except in old settled parts of the State, are made up of small tracts ; and all lands held under the United States, are described by the mathematical divisions established by the land laws. These titles are not recorded in the ordinary recording offices of the State, but in the land offices.

HILL
v.
MILLER.

We have not only our own courts, but courts of the United States, in which land suits are instituted. How can it be ascertained that a given quantity, a quarter section of land, in a large tract, is, or not, in litigation, unless a description of it be had ? It may be ascertained by those familiar with the facts; but, in a majority of cases, the inquiry would be full of embarrassment.

The more the subject is considered, the more apparent will be the necessity of requiring from the surety, such a description of the property which he requires the creditor to discuss, as will enable him fully to understand its situation, extent, title, and condition, as available to him for the payment of his debt. We think, in these respects, the description of the property given by the defendant, is insufficient, and not in compliance with the requisitions of the code.

The plea of discussion can be made but once.

The plaintiffs are therefore entitled to judgment; but, as the case stands, it cannot be rendered in this court.

The judgment of the district court is therefore reversed, and the case remanded for further proceedings ; the appellee paying the costs of this appeal.