PROVO STY, J.
The defendant is a Missouri corporation, there domiciled. It does *765 business in this state through a manager, for the entire state, located at Shreveport, and through local agents appointed by the state manager, at various points, among these, Lake Charles, where this suit arose. Its business in this state consists in “selling petroleum and its products in the finished state, handling no crude or raw material.”
The citation, duly addressed to the defendant, was served as shown by the following sheriff’s return:
“I served said copies on the within named defendant, Waters-Pierce Oil Company, represented by C. D. Dickson, manager, in the city of Shreveport, Caddo parish, Louisiana.”
The question is as to the validity of this service.
The defendant has not filed with the Secretary of State a declaration naming an agent upon whom service of process may be made in suits against it, as is required of foreign corporations by Act 149, p. 188, of 1890, Act 54, p. 133, of 1904, and Act 284, p. 423, of 1908, and plaintiff contends that, where a foreign corporation has thus failed to name an agent for receiving service of process, service is authorized, by said Act 149 of 1890, to be made upon its business representative in the state.
Defendant, on the other hand, contends that said Act 149 of 1890 has been superseded by Act 54 of 1904 and, we think, correctly.
The titles of the two acts announce an intention to cover precisely and exactly the same ground, namely, to carry into effect article 236 of the Constitution of 1879, reproduced in the Constitution of 1898 as article 264; and the phraseology of the earlier act has been reproduced in the later to such an extent that there is no room whatever for doubt that the one was intended to be a reproduction of the other with such amendments as were desired to be made; so that the case comes clearly under the rule announced in State v. Henderson, 120 La. 535, 45 South. 430, and repeated in State v. Chicago, R. I. & P. Ry. Co., 133 La. 304, 62 South. 934, and State v. Dudley, 123 La. 436, 49 South. 12, that:
“Whilst it is well settled that repeals by implication are not favored, it is equally well settled that, in determining- whether one law conflicts with another, it is necessary to consider the purposes of both, and if it appears that the purpose of the law last enacted is to cover the whole subject-matter dealt with, and to modify or supersede those previously enacted, then the modification or suppression results, and must be declared.”
Defendant further contends that this later act prescribes the exclusive mode of service, in the absence of the designation of an agent, namely, upon the Secretary of State; whereas, plaintiff contends that a service which would be good upon a domestic corporation is good upon a foreign corporation, regardless of whether the corporation has or not complied with the laws requiring it to designate an agent for receiving service of process. And in support of this plaintiff cites Curtis v. Jordan, 115 La. 918, 40 South. 334, 5 L. R. A. (N. S.) 298, 5 Ann. Cas. 950. Defendant, on the other hand, contends that the mode prescribed by the said later statute is exclusive.
A nice question is here raised which we spare ourselves the trouble of solving as, conceding plaintiff to be correct, the service in this case would not be good as against a domestic corporation. So held in Welsh v. N. O. Great Northern, 128 La. 738, 55 South. 338, where the return of the sheriff was precisely the same as in this case.
Judgment affirmed.