**172 So. 429**

Succession of ROBINSON.

Opposition of ALEXANDER.

No. 34078.

Dec. 21, 1936.

Rehearing Denied Feb. 1, 1937.

Alexander & Alexander and Joseph H. Levy, all of Shreveport, for appellant.

Tucker & Mason, of Shreveport, for appellee.

HIGGINS, Justice.

This is an appeal from a judgment where the trial judge refused to reopen the case, after argument, to receive the testimony of another witness, declined to grant a new trial, and dismissed appellant's opposition to the executrix' account.

The opposition was filed by a duly licensed attorney at law to the account of the executrix of the succession of John M. Robinson, claiming, on a quantum meruit basis, to be a creditor for the sum of $5,000, for legal services rendered in confecting the olographic will of the deceased. The executrix had refused to recognize the claim but did not file any answer or return to the opponent's rule showing what the defense was.

On the trial of the matter, opponent depended only upon his testimony to prove his claim. Later, when the case was argued, counsel for the succession contended that the parol evidence was incompetent to prove the asserted indebtedness or liability, because the claimant's testimony had not been corroborated by the testimony of another credible witness, or a written acknowledgment or promise to pay, signed by the debtor, as required by section 2 of Act No. 11 of 1926. Counsel for the opponent argued that the act had no application. The judge then allowed the attorneys one week within which to submit briefs. But, that same day, apparently, concluding that the act was applicable, the attorney for the opponent drafted a motion to reopen the case

and supported it with an affidavit that he was able to promptly produce another credible witness to corroborate his client's testimony, and his failure to do so on the trial of the rule was caused by failing to remember accurately and misinterpreting the provisions of the statute. He also attached to this motion an affidavit of the proposed witness to the effect that she was immediately available and remembered the visit of deceased to the attorney's office, in connection with the drafting of the will. These documents were filed the following morning.

Counsel for the executrix opposed the motion and the district judge declined to reopen the case on the ground that the motion came too late, the case having been closed and argument having been heard, and the request being predicated on an alleged error of law. The court dismissed the opposition to the account, citing section 2 of Act No. 11 of 1926.

Counsel for the opponent then immediately filed a motion for a new trial on the ground that the trial judge had the discretion to grant a new trial and should exercise it in his favor, in order to prevent an honest and just claim from being defeated on a mere technicality. The motion for a new trial was denied, the judge adhering to his view that, if a case were reopened or a new trial granted "every time counsel made an error of law, there would be no end of a law suit"; and that in refusing to reopen the case or grant a new trial "it is better that a seeming injustice be done in an individual case, in order to better serve the general purpose."

Having exhausted his remedies in the district court, opponent appealed and filed in this court a motion to remand, based upon substantially the same grounds urged in the motion to reopen the case and the motion for a new trial.

The record shows that the will was dated May 28, 1934; that the deceased died April 27, 1935; that his succession was opened on May 13, 1935; that the tableaux of distribution was filed by the executrix on October 5, 1935; that the opposition thereto was filed on October 8, 1935; that executrix' exceptions of no right or cause of action and motion for a bill of particulars were overruled on December 4, 1935; that the case was tried on April 9, 1936, and continued for argument, which was heard on May 5, 1936, and the case submitted; that the motion to reopen was filed the following day, or May 6, 1936, and promptly followed by the motion for a new trial.

In the case of Nessans v. Colomes, 130 La. 375, 57 So. 1010, 1011, plaintiff and her counsel, after being confronted with a certain document, which was purported to be signed by the plaintiff, and which was produced by the defendant in the trial of the case on the merits, abandoned the suit and judgment was entered accordingly. The plaintiff then took a rule on the defendant to show cause why a new trial should not be granted on the ground that the document was a forgery. The district judge refused to grant a new trial. In annulling the judgment of the lower court and remanding the case for trial, this court said:

"We think the new trial should have been granted. True, the application for new trial was not sworn to; but plaintiff offered herself as a witness and was duly sworn, and would have testified to the truth of her allegations. New trials are granted in the interest of justice, and are left very largely to the discretion of the trial judge; in other words, in the matter of the granting of them, form must yield to the substance and call of justice. They stand pretty much on the same footing as the remanding of cases by this court. The following excerpts are apposite in that connection:

" 'So far as granting the new trial was concerned, that might have been done within the legal delays by the judge ex proprio motu. He has within such delays such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for a new trial having been filed by the party cast, direct the judgment set aside and a new trial ordered.' State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 34 So. 438.

" 'When the record of a suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed here, the court will, in its discretion, in the interest of justice, remand the case.' Muller v. Hoth, 105 La. 246, 29 So. 709.

" 'Where it is manifest that evidence improperly excluded by the trial court, on the one hand, and withheld by the advice of counsel upon the other, is easily obtainable,

and may serve to aid in the determination of an important issue, this court will in its discretion remand the case in order that such evidence may be supplied. Nunez v. Bayhi, 52 La.Ann. 1719, 28 So. 349.

" 'Our courts have not hesitated to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscionable and inequitable.' New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542.

"The case was in reality not tried; but the husband and the counsel not suspecting that the signature to the document was a forgery, but believing it to be genuine, abandoned the case without trial."

In the case of Iberville Bank & Trust Co. v. Zito et al., 169 La. 421, 125 So. 435, after the plaintiff had entered and confirmed a default against the defendant, the lower court granted a new trial over the plaintiff's objection, setting aside the former judgment, and subsequently rendering a less favorable one for the plaintiff. This court approved the action of the trial judge on the ground that new trials should be granted in the interest of justice.

In the case of Burthe v. Lee et al. (La. App.) 152 So. 100, 101, 102, the district judge set aside the judgment rendered by default in favor of the plaintiff, and granted defendant a new trial, because his counsel had become confused by the rule of the court and inadvertently overlooked the case. The Court of Appeal for the Parish of Or-.

leans approved this action of the trial judge, saying:

"Lawsuits are not games in which courts are the mere referees or umpires, and in which technicalities must be allowed to triumph over actual justice. It is our duty to permit litigants all reasonable opportunity to place before us all facts bearing on the issues involved. Manifestly, the substantive rights of the defendants here would have been denied them by a refusal of the new trial, because on the second trial a much smaller award was made."

In the instant case, the district judge, in his opinion in overruling the motion to reopen, relies upon the provisions of article 484 of the Code of Practice, and then makes this observation:

"Under this provision, the jurisprudence is clear that prior to argument, the trial judge is vested with the discretion to reopen the case for the introduction of further testimony; but after the argument the jurisprudence is not so clear. There are cases to the effect that the article means what it says, and the judge has no discretion; and *there are cases to the effect that the reopening of a case even after the argument, rests in the discretion of the judge. The latter interpretation seems to be in the majority, and the last decided case is to that effect."

"In every case in the appellate court on the question, the court has refused to interfere with the discretion exercised by the trial court, and in very few has the court made any statement of its opinion as to whether the trial court was right or wrong."

In nearly all of the cases, this court has refused to interfere with the discretion exercised by the district judges, because, in situations such as is here presented, the trial judges, in the interest of justice, have permitted the case to be reopened or granted a new trial, over objection, and the other litigant has complained to the appellate court that the district judge did not properly exercise his discretion. In holding in those cases that the trial judge fairly and reasonably exercised his discretion in reopening the case or granting a new trial, it necessarily follows that we approved the lenient and not the arbitrary and harsh application of the law in such matters. Surely, we would be inconsistent if we were to hold that whether the judge applied the rule strictly and arbitrarily, or leniently, we would not interfere with his discretion. The trial judge's ruling is subject to review and is not final, and where an injustice is done and substantial rights are lost through mere technicalities, it is our duty to interfere. Such arbitrary and harsh rulings prolong litigation and do not end it, as is shown by the cases themselves. There may be some early cases in which the court strictly applied the letter of the law in similar instances, but the later authorities hold to the contrary. The modern trend of the jurisprudence in the trial of lawsuits is to render justice upon the merits of the controversy, rather than defeat justice upon technicalities. In the instant case, with due deference to our learned brother below, it is our opinion that he arbitrarily exercised the discretion vested in him by law in refusing to reopen the case or to grant a new trial, which was mani-

festly in the interest of justice. Gerth's Realty Experts v. Kracke, 156 La. 36, 100 So. 41; Parker v. Ricks, 114 La. 942, 38 So. 687; Hill, McLean & Co. v. Miller, 7 La.Ann. 621.

For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the district court for a new trial; the costs of the appeal to be borne by appellee, and all other costs to await the final disposition of the case.