GLADNEY, Judge.
Plaintiff has appealed to this court from an order refusing its application for a new trial and rehearing, timely filed after the rendition of an adverse judgment. The record herein submitted does not contain a transcript of the evidence and proceedings of trial, nor is there a statement of facts obtained pursuant to Articles 602 and 603 of the Code of Practice. The only issue that can be raised before this court is whether the case should be remanded for a new trial in the interest of justice.
A chronology of the relevant pleadings and rulings shows:
December 16, 1955: Suit filed for balance due on account, the petition being accompanied by a verified, itemized statement;
February 10, 1956: Answer filed in form of general denial, no special defenses urged;
June 5, 1956: Trial had pursuant to regular setting. Judgment rendered rejecting plaintiff’s demands;
June 7, 1956: Motion for new trial or rehearing filed on ground judgment was contrary to law and the evidence;
September 11, 1956: Plaintiff filed a supplemental and amended petition, annexing thereto certain exhibits;
September 17, 1956: Defendant filed opposition to allowance of new trial, and filing of supplemental and amended petition;
January 22, 1957: Hearing on motion for amended petition disallowed;
January 25, 1957: Motion in opposition to filing of amended petition sustained. Motion for rehearing overruled;
February 8, 1957: Judgment signed. Orders of appeal taken.
The exhibits annexed to the amended petition are herewith briefly described as: (1) A scribbled notation on the reverse side of a blank check, reading: “Will pay bal. June 1, 1955. W. E. Allen”; (2) A check dated June 5, 1955, bearing the signature “W. E. Allen”, payable to counsel for plaintiff for $100; Allen stopped payment when presented for payment; and (3) There was a letter written by the attorney for appel-lee addressed to counsel for plaintiff, reading as follows:
“April 5, 1956
“Mr. Eugene J. Coen
Attorney at Law
Shreveport, Louisiana
“Re. 19309
Volker v. Allen
“Dear Mr. Coen:
“Mr. Allen advised me by telephone today that he will send me a check for you in the above captioned suit for the full amount within the next few days.
“With best wishes, I am
“Very truly yours,
/s/ Roy M. Fish.”
It is contended plaintiff’s request for a new trial should not be considered for the reason it does not set forth specifically any grounds therefor, nor does it set forth any statutory basis for granting the application. Before this court counsel for appellant, it is argued, took no bill of exception to any *508 ruling of the trial court during the course of the trial, that he has not attempted to obtain a stipulation as to the facts which constituted the evidence submitted to the court for the rendition of judgment and, therefore, appellant finds itself asking the appellate court to review a judgment not on a basis of evidence adduced before the trial court and the record as made up, but rather on the basis of allegations not supported by evidence and outside the record. Further, it is argued that a new trial is not sanctioned under Article 560 of the Code of Practice and there has been no abuse of discretion by the trial court.
The record does show timely application for a new trial or rehearing was filed before the signing of judgment and while the judgment was still under proper control of the judge a quo, who was vested with judicial discretion to grant a new trial. Where the circumstances timely create serious doubt that a judgment may have been improvidently rendered, judicial discretion may and should be exercised to prevent the loss of personal or property rights through an unjust decision.
The causes for which a new trial may be granted are not restricted to those enumerated in Article 560 of the Code of Practice, which article provides:
“A new trial shall be granted.
“1. If the judgment appear clearly contrary to law and evidence.
“2. If the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before.
“3. If the cause has been tried by a jury, and it be shown that the jury has been bribed, or has behaved improperly, so that impartial justice has not been done in the cause.”
The Supreme Court of Louisiana has on man}' occasions held a trial judge in the exercise of his discretion should grant a new trial when the interest of justice indicates such is the proper course to take. In Burthe v. Lee, La.App., 1934, 152 So. 100, 102, the court said:
“Lawsuits are not games in which courts are the mere referees or umpires, and in which technicalities must be allowed to triumph over actual justice. It is our duty to permit litigants all reasonable opportunity to place before us all facts bearing on the issues involved * * *.”
The same court declared through Justice Higgins in Succession of Robinson, 1936, 186 La. 389, 172 So. 429, 431, in which case the trial judge had refused to reopen the case after argument:
“The trial judge’s ruling is subject to review and is not final, and where an injustice is done and substantial rights are lost through mere technicalities, it is our duty to interfere. * * * The modern trend of the jurisprudence in the trial of lawsuits is to render justice upon the merits of the controversy, rather than defeat justice upon technicalities. In the instant case, with due deference to our learned brother below, it is our opinion that he arbitrarily exercised the discretion vested in him by law in refusing to reopen the case or to grant a new trial, which was manifestly in the interest of justice. Gerth’s Realty Experts v. Kracke, 156 La. 36, 100 So. 41; Parker v. Ricks, 114 La. 942, 38 So. 687; Hill v. Miller, 7 La. Ann. 621.”
We are strongly impressed by the persuasive effect of the exhibits above referred to. Unless spurious, and there is no intimation to that effect, these clearly show an admission of liability by the defendant, not only once but on three separate occasions after he filed an answer denying his indebtedness. The interests of justice require that a new trial should be granted and it is of no importance that the evidence was not presented at the trial on June 5, *509 1955. What is important, we think, is the very strong indication that if such evidence be considered upon a new trial, a different verdict would be reached.
For the reasons assigned, the judgment from which appealed is annulled and set aside, and the case is remanded to the district court for a new trial, the costs of the appeal to be borne by appellee and all other costs to await final disposition of the case.