GLADNEY, Judge.
This action by seven citizens of Bienville Parish was timely brought pursuant to LSA-R.S. 33 :171 — 179 for the purpose of contesting the validity of Ordinance No. 74 of 1959 of the Town of Ringgold, adopted April 2, 1959, proposing to enlarge the town limits. After issue was joined by answer, the case was set down for trial on November 18, 1959. At the appointed time for trial neither plaintiffs nor their counsel appeared, and the suit was dismissed as of nonsuit, the court relying upon Article.536 of the Code of Practice. On November 21, 1959, plaintiffs moved for a new trial, averring their attorney had made an informal written request for a continuance to the Clerk of Court and opposing counsel and had been under the impression the request would be granted. The granting vel non of the application was duly heard with counsel for appellants earnestly arguing his clients might be forever cut off from having their day in court should the court not grant a new trial. From an adverse ruling plaintiffs have appealed.
The record indicates suit was filed on April 27, 1959, and was not placed at issue until defendant answered on October 2nd. The case was set down for trial on October 21st, but on October 20th was upset and the cause was refixed for trial on November 18, 1959. The minutes of November 18th read :
“This case was called for trial on this day as fixed. Defendant announced, through counsel, that it was ready for trial. Plaintiffs and their attorney failed to appear. On motion of counsel for the defendant, made in open court, it was ordered by the Court that this case be dismissed as of nonsuit, for the reasons that no formal motion for a continuance was made to the Court and the further reason that no appearance was made on behalf of plaintiffs or their attorney. Judgment read, signed and filed; see decree.”
The motion for a new trial recited that on November 13th, five days prior to the date fixed for the trial of the case, one of counsel for plaintiffs addressed and mailed a letter to the Clerk of Court, requesting the case be upset for urgent'business reasons stated therein. A copy of the letter was mailed to opposing counsel. Prompt receipt of the two communications is not questioned. The writer of the letter assumed after not hearing from either the Clerk or opposing counsel, a continuance of the .case would follow. A formal request for a continuance was not made and *367 the trial judge was not contacted with respect to upsetting the case.
The request for a new trial was opposed on grounds that no formal motion for a continuance was filed setting forth any legal grounds therefor, and that no service of the rule was made upon the defendant, the Town of Ringgold. When the matter was presented to this court counsel for ap-pellee further objected to the right of appellants to present their argument.
When the question of granting of a new trial was submitted to the trial court, we observe that the judge a quo gave the matter his careful consideration. This is clearly shown by the thoroughness with which each point presented in' appellants’ argument is discussed in the written reasons assigned for judgment. The decision, however, concluded the opposition made to a new trial was sound and that the effect of the dismissal as of nonsuit was not decisive.
We deem it unnecessary to discuss the question as to whether the attorney for plaintiffs may have been derelict by not requesting a continuance in a formal manner with opposing counsel and the trial judge. Irrespective of the circumstances which resulted in the misunderstanding, the important thing, we think, is that the denial of a new trial may have seriously affected the right of plaintiffs to have their day in court. This can be inferred from the provisions of LSA-R.S. 33:173 and 174, which provide for the effective date of the subject ordinance and permit a contesting suit to be filed within thirty days before the ordinance becomes effective. Counsel for appellants assert that if the cause of action is not asserted within the period stated it may be forever barred.
The contention so made points to the seriousness of the position in which the plaintiffs have been placed by reason of the refusal to grant a new trial. In our opinion a case is presented on this appeal for the exercise of the power of this court to remand under the provisions of Article 906, which grants an appellate court discretion to remand a case wherever such action is consonant with the ends of justice. McClung v. Delta Shipbuilding Company, La.App.1948, 33 So.2d 438; City of New Orleans v. Grosch, La.App.1950, 49 So.2d 435; City of New Orleans v. Ryman, La. App.1955, 79 So.2d 573. Also we recall that in William Volker & Company of Louisiana, Inc. v. Allen, La.App.1957, 96 So.2d 506, we took occasion to remand a cause for a new trial upon our finding of circumstances which strongly indicated the possibility of loss of personal or property rights from a refusal to grant a new trial.
For the reasons assigned, the judgment from which appealed is annulled and set aside and the case is remanded to the district court for a new trial.