ELLIS, Judge.
This is a petitory action in which plaintiff Robert H. Sarpy is asking to be declared the owner of a three acre strip of ground in Tangipahoa Parish. Defendants are the heirs of Moline Joseph Kliebert, who died shortly after this suit was filed. From an adverse judgment, plaintiff has appealed.
Most of the facts in this case are undisputed. It is agreed that plaintiff has a superior record title to the property. Plaintiff concedes that defendants are in possession of the disputed property, under a deed translative of title thereto. It is also conceded that defendants have enjoyed, since 1946, possession of the property sufficient to establish a prescriptive title thereto under the prescription of ten years, acquiren-di causa. Plaintiff, however, disputes the good faith of Moline Joseph Kliebert when he acquired title to the property.
It is not disputed that, under the provisions of Articles 3478 and 3479, defendants’ ancestor in title must have been in good faith at the time of his acquisition if they are to prevail. Neither do the parties hereto disagree with the well established principle of law that when a purchaser of land employs an attorney to investigate the title thereto, he is bound by what the record discloses, and cannot claim to be in good faith if a defect in his title appears of record, Martin v. Schwing Lumber & Shingle Co., 228 La. 175, 81 So.2d 852 (1955); Holley v. Lockett, 126 So.2d 814 (La.App. 2 Cir. 1961).
Finally, it is conceded that an examination of the public records of Tangipahoa Parish would have revealed plaintiff’s superior title, and that, if defendants had the title examined, they would be in legal bad faith, and not entitled to the benefit of the prescription of ten years.
The only witness to testify on the point of whether the title was examined was the widow of Moline Joseph Kliebert. She *183 testified that their attorney when the sale was passed was C. Paul Phelps of Poncha-toula, Louisiana, who was deceased at the time of the trial. At the original trial of the case, she testified as follows, relative to the question of title examination:
“Q I believe you testified you had him check the property to be sure that the title was good?
“A Yes sir.
“Q Did he tell you the title was good?
“A Yeah.
“Q Did he say there was anything at all against the property ?
“A No.
“Q He said it was clear ?
“A He told us it was clear. He marked on the paper everything is clear.
He marked it on the deed.”
******
“BY THE COURT:
“Q When you bought the property did you employ Mr. Phelps to check your title, or just to pass the title ?
“A Well he checked the title too, to see if we had good title in the property.
“Q Did he render you a written title opinion ?
“A Well, he drawed up the deed to give us the property.
“Q I know, but did he write you a title opinion that the title was good ?
“A No.”
She testified to substantially the same effect in her depositions, taken before trial.
After hearing the case, the trial judge stated that he was unable to conclude if the title had or had not been examined, and re-opened the case on his own motion for further evidence on the point. At that hearing, Mrs. Kliebert testified that she was not sure if Mr. Phelps examined the title or not. She produced a receipt from Mr. Phelps for $10.00 dated April 10, 1946, for “passing and recording cash act of sale”. April 10, 1946, is the date of the sale by which Mr. Kliebert acquired the property.
After hearing the above, the trial court concluded that there had been no title examination, principally because no title opinion was among Mrs. Kliebert’s papers, and because he did not feel that any attorney would examine a title for $10.00.
In this court, plaintiff objects to the above finding of the trial court, and to the re-opening of the case after both parties had closed and the matter was submitted.
On the second point, plaintiff offers no authority in support thereof. We think that the decision to re-open the case on his own motion lies within the sound discretion of the trial judge. See Succession of Robinson, 186 La. 389, 172 So. 429 (1936); Articles 1631 and 1632, Code of Civil Procedure. As to the question of good faith, Article 3481 of the Civil Code provides:
“Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it.”
The burden of proof herein therefore rests with plaintiff.
After reviewing the evidence in this case, we believe that the trial judge correctly resolved the issue. Admittedly, Mrs. Kliebert made contradictory statements about the matter of a title examination. We doubt her ability to understand the difference between a full title examination and a statement that a piece of property is clear of encumbrances. She testi *184 fied that no fee was paid to Mr. Phelps other than the $10.00 fee for passing and recording the act of sale. In the light of these circumstances, we do not believe that plaintiff has carried his burden of proof.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.